OVERSEAS RAW MATERIALS CORPORATION et al., Respondents-Appellants, v. VICTOR B. COSTER, Appellant-Respondent.— On defendant's appeal, the order insofar as it granted the motion dismissing the second counterclaim (the first counterclaim against plaintiffs Van Ommeren and Sterling Grace), and the judgment entered thereon, unanimously reversed, with costs and the motion denied. On plaintiffs' appeal, the order insofar as it denied the motion to dismiss the first and third counterclaims unanimously affirmed, with costs. As to the second counterclaim, the affidavits reveal an issue of fact with respect to the performance of the underlying contract between Overseas and defendant. On the pleadings, the documents and affidavits presented, it is not possible to say without the benefit of trial that the claim of illegality is sustained with respect to the agreement made before incorporation and the subsequent employment agreement. It does not inevitably follow that these agreements violate public policy merely because the discretion of the board of directors is purportedly controlled. Cases involving stockholders' agreements are not necessarily conclusive. (See, e.g. *Mansfield* v. *Lang*, 293 Mass. 386.) Nor is it clear on the face of the documents or from the affidavits that the individual plaintiffs did not make a continuing promise to provide for the continued employment of defendant Coster by the plaintiff Overseas. With respect to the first counter-

claim (the first and only counterclaim against plaintiff Overseas), for the reasons noted above, it is not clear, in the present status of the case, that the charge of illegality is established. With respect to the third counterclaim (the second counterclaim against plaintiffs Van Ommeren and Sterling Grace), plaintiff does not sufficiently set forth the evidentiary facts to establish that the counterclaim, as alleged and averred, is without basis. It is merely asserted generally that the Panamanian corporation never progressed beyond the initial stage of incorporation, and the agreement claimed by defendant Coster is likewise generally denied. Settle order on notice. Present — Cohn, J. P., Breitel, Bastow, Botein and Rabin, JJ. [See *post*, p. 1142.]